**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY FREEMAN , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:05cv356-WHA |
| | ) | (WO) |
| | ) | |
| WALGREEN CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion for Summary Judgment (Doc. #14) filed by the

Defendant, Walgreen Co., Inc., on December 14, 2005.

The Plaintiff, Kimberly Freeman, filed a Complaint in this case on April 14, 2005,

bringing claims for failure to promote on the basis of race under 42 U.S.C. § 2000e, et seq. and

42 U.S.C. § 1981.

For the reasons to be discussed, the Motion for Summary Judgment is due to be

GRANTED.

**II.  SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper

"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S.

317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id. at 322-324.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324.  To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. See Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c).

The summary judgment rule is to be applied in employment discrimination cases as in any other case. Chapman v. A1 Transport, 229 F.3d 1012, 1026 (11th Cir. 2000)(en banc).

## III. <u>FACTS</u>

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movant:

The Plaintiff, Kimberly Freeman, an African-American woman, was hired as a Beauty Advisor at a Walgreen store in August 2003.  This Walgreen store was located on the East South Boulevard in Montgomery, Alabama.   Notes made about the Plaintiff's initial application for employment stated that she preferred to work at the East South Boulevard or Atlanta Highway stores.  Defendant's Exhibit 3 to Kimberly Freeman Deposition.

The Plaintiff's supervisor during her employment was James Freeman, the Store Manager.[1]  The Plaintiff has testified that she notified James Freeman and other Assistant Store Managers in the East South Boulevard store that she wanted to advance in the company through promotion and cross-training.

In May 2004, there was an opening for a Senior Beauty Advisor at a Prattville, Alabama Walgreen store.  This position was not posted.  The Plaintiff did not apply for the position, but testified in her deposition that she would have applied had the job been posted.  The position in the Prattville, Alabama Walgreen store was filed by a white woman who was previously employed at that store.  The decision-maker was the Prattville store Store Manager.

In June or July of 2004 there was an opening for a Senior Beauty Advisor at the Perry Hill Road Walgreen store in Montgomery, Alabama.  The Plaintiff did not apply for this job.

---

[1] Because the Plaintiff and her supervisor have the same last name, the court will refer to Kimberly Freeman as the Plaintiff, to non-party James Freeman by his full name, and to Walgreen Co, Inc. as the Defendant.

This position was filed with a white woman. The decision-maker was the temporary Store Manager for the Perry Hill Road store.

The Plaintiff filed an EEOC charge of discrimination on October 14, 2004.  On October 26, 2004, James Freeman sent an e-mail to other Walgreen Store Managers asking them to post certain positions because he had an employee, the Plaintiff, who would be qualified for a promotion.

In November 2004, Plaintiff was promoted to the position of Pharmacy Technician at the East South Boulevard store.  She ultimately voluntarily left her employment with the Defendant for reasons unrelated to the allegations in this lawsuit.

## IV. <u>DISCUSSION</u>

Where, as here, a plaintiff seeks to prove intentional discrimination on the basis of race under Title VII and § 1981 by using circumstantial evidence of intent,[2] the court applies the framework first set out by the United States Supreme Court in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).[3]   Under this framework, the plaintiff must establish a prima facie

---

[2] The Defendant also has advanced an argument with respect to the Plaintiff's allegation of a pattern and practice of discrimination, but the Plaintiff apparently has abandoned such an argument.  <u>See</u> <u>Resolution Trust Corp. v. Dunmar Corp.</u>, 43 F.3d 587, 599 (11th Cir. 1995). Even if the Plaintiff intended to assert a claim based on a pattern and practice, however, such a claim is not properly asserted by a single, private plaintiff and summary judgment would be due to be granted on that basis. <u>EEOC v. Joe's Stone Crab, Inc.</u>, 220 F.3d 1263, 1286 (11th Cir. 2000)(stating that a pattern and practice claim can be brought either "by the EEOC if there is reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of discrimination . . . or by a class of private plaintiffs under 42 U.S.C. § 2000e.").

[3] The same prima facie case and burden-shifting mechanisms apply to Title VII and Section 1981 discrimination claims. <u>See</u> <u>Cooper v. Southern Co.</u>, 390 F.3d 695, 724-25 (11th Cir.2004).

case of discrimination.  McDonnell Douglas, 411 U.S. at 802.  After the plaintiff has established

a prima facie case of discrimination, the burden of production is placed upon the employer to

articulate a legitimate nondiscriminatory reason for its employment action.  Texas Dept. of

Community Affairs v. Burdine, 450 U.S. 248, 254 (1981).  The plaintiff may seek to demonstrate

that the proffered reason was not the true reason for the employment decision "either directly by

persuading the court that a discriminatory reason more likely motivated the employer or

indirectly by showing that the employer's proffered explanation is unworthy of credence."  Id. at

256; Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997).  A plaintiff's prima

facie case, combined with sufficient evidence to find that the employer's asserted justification is

false, may permit the trier of fact to conclude that the employer unlawfully discriminated.

Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 147 (2000).

        A prima facie case of failure to promote on the basis of race requires the Plaintiff to show

that (1) she is a member of a protected class, (2) that she was qualified and applied for the

promotion, (3) that she was rejected for the promotion, and (4) that someone outside her

protected class filled the position.  Summerlin v. M & H Valve Co., No. 05-11030, 2006 WL

93131 at *2 (11th Cir. Jan. 17, 2006) (per curiam).[4]

_____

        [4]  The Plaintiff sets forth in her brief prima facie case elements which are not specific to a
claim of failure to promote, while the Defendant relies on a disfavored formulation of the prima
facie case, citing Lee v. GTE Fla., Inc., 226 F.3d 1249, 1253 (11th Cir. 2000), cert. denied, 532
U.S. 958 (2001).  This court finds it more correct to analyze failure to promote claims using the
prima facie case formulation specific to such claims and, as set out above, which does not
require a showing of relative qualifications at the prima facie case stage.  See also  Walker v.
Mortham, 158 F.3d 1177 (11th Cir. 1998), cert. denied, 120 S. Ct. 39 (1999).

The Defendant argues that the Plaintiff cannot establish a prima facie case of racial discrimination because it is undisputed that she did not apply for either position which is the subject of her complaint.  The Plaintiff counters by pointing to <u>Carmichael v. Birmingham Saw Works</u>, 738 F.2d 1126 (11th Cir. 1984).

In <u>Carmichael</u>, the Eleventh Circuit established that there are circumstances under which a plaintiff need not prove that she applied for a position to establish a prima facie case of discrimination.  <u>Id.</u> at 1133.  The court explained that ordinarily a plaintiff must prove that the plaintiff applied for a job "to eliminate another obvious nondiscriminatory reason: that the plaintiff was not offered the job because the company did not know he was interested."  <u>Id.</u>  The court concluded that where an employer relies on informal methods and does not post available positions, a plaintiff need not show that he applied for the position because the employer had "a duty to consider all those who might reasonably be interested."  <u>Id.</u>  Therefore, the prima facie case is satisfied if "the company had some reason or duty to consider" the plaintiff for the position.  <u>Id.</u>.  "If a decision-maker is unaware of the plaintiff's existence, then he is simply unable to discriminate against her, and any presumption of discrimination is unfounded."  <u>Walker v. Prudential Property and Casualty Ins. Co.</u>, 286 F.3d 1270, 1275 (11th Cir. 2002).

Because the factual circumstances of the two positions are somewhat different, the court will separately address the promotions at the Perry Hill Road store in Montgomery, Alabama and the Prattville, Alabama store.

A.  Perry Hill Road, Montgomery, Alabama Walgreen Store

In <u>Smith v. J. Smith Ladnier & Co.</u>, 352 F.3d 1342 (11th Cir. 2003), the plaintiff challenged a failure to re-hire her after she had expressed interest in being retained with the

company.  Although she did not apply for any of the positions posted on the employer's website, she argued that she need not have applied under Carmichael, because her employer had a reason or duty to consider her for positions for which she had not applied.  The Eleventh Circuit stated that a "generalized interest . . .  is not enough . . . when the defendant-employer has publicized an open position."  Id. at 1345. The Eleventh Circuit held that where a plaintiff knows about the availability of positions but chooses not to formally apply, Carmichael is inapplicable. Id. Although Smith involved a reduction-in-force, in distinguishing Carmichael, which involved failure to promote, the Smith court did not rely on that factual difference.  Id.  Instead, the court said Carmichael did not apply because the positions were posted, the plaintiff knew about the positions, and chose not to apply. Id.; see also Williams v. Giant Food Inc., 370 F.3d 423, 430 (4th Cir. 2004) (applying Smith in a failure to promote case).

With respect to the Perry Hill Road Walgreen store ("Perry Hill Road store"), it appears that the facts, when viewed in the light most favorable to the non-movant, fit within the Smith rationale, so that the Plaintiff has failed to establish a prima face case of discrimination.  The Plaintiff has not directly responded to the Defendant's argument, based on evidence, that the Perry Hill Road positions are analogous to the positions in Smith.  The Plaintiff only states that she had expressed a general interest in advancing with the company.

The Defendant points out that with regard to the newly-constructed Perry Hill Road store, the marquee outside the store directed interested persons to apply for employment on the internet website.  Plaintiff's Exhibit 4, Declaration of JoAnn Jones.[5]  The temporary Store Manager of

_____

[5] Although the Plaintiff characterizes this position as not being posted, her evidence to support that characterization is a notarized addendum to her EEOC charge which merely states that the position was not posted.  The Plaintiff offers the same Declaration of JoAnn Jones in

the Perry Hill Road store has declared under penalty of perjury that the person selected for the

position at issue submitted an on-line application.  Id.  The Plaintiff also testified in her

deposition that she knew a new store was opening on Perry Hill Road and that there would be

open positions there.  Kimberly Freeman Dep. at page 56: 1-4, 8-11.

This court concludes that the Perry Hill Road store positions are like the positions in

Smith in that they were positions for which availability was publicized, positions the Plaintiff

knew were available, and positions for which she did not apply.  Accordingly, the Plaintiff's

failure to do more than express a generalized interest in advancement at the store location in

which she was employed means that she has failed to establish a prima facie case of

discrimination, and summary judgment is due to be GRANTED as to this aspect of her claim.

B.  Prattville, Alabama Walgreen Store

Different analysis must be applied to the position at issue at the Prattville, Alabama

Walgreen store ("Prattville store") because there is no evidence before the court that that

position was posted or publicized as being available.  Because the position was not posted, the

Plaintiff argues that she need not show she applied for the position.  For Carmichael to apply so

that the Plaintiff bears no responsibility for demonstrating that she applied for an available

position, however, the Plaintiff must show that the Defendant had a duty or reason to consider

her for the position because she is one who "might reasonably be interested."  Carmichael, 738

F.2d at 1133.

---

which JoAnn Jones states that applicants were notified by a marquee outside of the Perry Hill
Road store that they should apply for open positions on-line, and the Plaintiff does not dispute
this evidence with other evidence.  Therefore, the court has considered the availability of
positions as being publicized.

The primary distinction between this case and <u>Carmichael</u> is that in <u>Carmichael</u>, the plaintiff wanted to be considered for a promotion in the physical location in which he worked, but in this case, the Plaintiff argues that she should have been considered for a promotion at a different location.  According to the Plaintiff's deposition, she made it known to Store Manager James Freeman, and Assistant Store Managers Candace Epps, Lynette Kennedy, and Christopher Rudolph that she wanted to be considered for promotions and cross-training.  Kimberly Freeman Dep at page 34.  All of these persons were employed at the East South Boulevard store,[6] and there is no evidence that any of those persons were involved in decision-making at the Prattville store.  In fact, no evidence has been pointed out to the court that these managers were aware of the vacancy at the Prattville store before it was filled.  It is undisputed that the Plaintiff did not express interest in the position to the Store Manager of the Prattville store, and the Store Manager, Tad Hartz, was not otherwise aware that the Plaintiff was interested in a promotion.  <u>See</u> Defendant's Exhibit C at ¶ 4 (stating that he did not know Kimberly Freeman in May 2004).

Knowledge by the managers at one store cannot be imputed to a different decision-maker because constructive knowledge cannot form the basis of liability in employment cases in the Eleventh Circuit.  <u>See</u>, <u>e.g.</u>, <u>Silvera v. Orange County School Bd.</u>, 244 F.3d 1253, 1262 (11th Cir.) ("[d]iscrimination is about actual knowledge, and real intent, not constructive knowledge and assumed intent."), <u>cert. denied</u>, 534 U.S. 976 (2001).  A manager's knowledge also cannot be imputed to the corporate entity for purposes of employment liability when the corporate entity did not make the employment decision. <u>Cordoba v. Dillard's, Inc.</u>, 419 F.3d 1169, 1183 (2005).

---

[6] There is no contention in this case that the Plaintiff was denied cross-training or a promotion at the Eastern Boulevard store.

In this case, the court has been pointed to no evidence of any management official who had knowledge of the Plaintiff's desire for a promotion who played any role in filling the Prattville store position. The evidence provided to the court on the corporate hiring structure of the Defendant is limited at best.[7] The evidence provided to the court, however, indicates that the Prattville Store Manager acted alone. Tad Hartz states in a declaration that he made the decision to fill the position at the Prattville store. Plaintiff's Exhibit 3. Tad Hartz states that he generally prefers to promote within the store if possible. Id. at ¶ 3. There is no evidence that any other manager generally played a role in filling positions at the Prattville store, or that any other manager participated in the decision to fill the position at issue.

One evidentiary submission relied upon by both parties is that after the Plaintiff filed her EEOC charge, her supervisor, James Freeman, sent an e-mail to other store managers letting them know that she was interested in a promotion in other locations. The Plaintiff apparently intends to argue that this step should have been taken before her EEOC charge was filed. The Defendant counters that it was only once her supervisor was made aware that she desired a transfer in order to obtain a promotion that he notified other managers. To the extent that this evidence is relevant, it does not establish any duty on the part of the Prattville Store Manager to consider the Plaintiff for a promotion. The Plaintiff's apparent suggestion that alerting other managers to employees' generalized interests in promotion would be a good business practice

---

[7] The court has been presented evidence in the form of the Plaintiff's deposition that when she originally applied to work for the Defendant, she was called by a Mario Escobar. Kimberly Freeman Dep. at page 14: 8-10. The court has not been pointed to any evidence, however, as to what Mario Escobar's position with the company was. Significantly, there is no evidence that Mario Escobar played any role in the promotions at the Prattville store, nor is there any evidence that the Plaintiff informed Mario Escobar that she was interested in a promotion.

does not establish that James Freeman's failure to earlier follow such a practice means that the Prattville Store Manager had a duty to consider the Plaintiff for any positions.

Because the court has been pointed to no evidence that a person in a decision-making capacity with respect to the Prattville store had a reason or duty to know that the Plaintiff was interested in seeking any promotion, much less a position at the Prattville store, the court cannot conclude that Carmichael applies in this case.  Therefore, the Plaintiff has failed to establish a prima facie case of discrimination, and summary judgment is due to be GRANTED as to this aspect of the Plaintiff's claim.

## V. CONCLUSION

For the reasons discussed, the court concludes that the Plaintiff has failed to adequately establish a prima facie case of race discrimination with regard to either of the two promotions which form the basis of her claims in this case.  Accordingly, the Motion for Summary Judgment (Doc. #14) is due to be and is hereby ORDERED GRANTED. A separate Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

Done this 31st day of January, 2006.

/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE